IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY BROPHY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ARCHIE ADKINS and MS DIRECTIONAL, LLC,<br><br>　　　　　Defendants. | CV 20-116-BLG-SPW-TJC<br>　Consolidated with<br>CV 20-117-BLG-SPW-TJC<br><br>**ORDER GRANTING MS DIRECTIONAL, LLC'S UNOPPOSED MOTION TO CONSOLIDATE** |

Defendant MS Directional, LLC ("MS Directional") has filed an Unopposed Motion to Consolidate Case No. 1:20-cv-116 with Case No. 1:20-cv-117.  (Doc. 6.)   MS Directional seeks to consolidate these two cases and Plaintiffs do not object.

Federal Rule of Civil Procedure 42(a) provides:

**Consolidation**.  If actions before the court involve a common question of law or fact, the court may:

(1)　join for hearing or trial any or all matters at issue in the actions;
(2)　consolidate the actions; or
(3)　issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Consolidation of actions provides "a valuable and important tool of judicial administration ... [that] helps relieve[] the parties and the [c]ourt of the burden of duplicative pleadings and [c]ourt orders." *Blasko v. Washington Metropolitan*

*Area Transit Authority*, 243 F.R.D. 13, 15 (D. D.C. 2007) (citations omitted).  To determine whether consolidation is appropriate, a court should "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Id.*  Generally, consolidation may be appropriate if there are common questions of law or fact.  Cases that involve the same parties are also apt candidates for consolidation.  *Id.*  "Moreover, consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Id.*

Here, Case No. 1:20-cv-116 and Case No. 1:20-cv-117 involve the same or similar parties.  In 1:20-cv-116 Tracy Brophy ("Brophy") brought suit against Archie Adkins ("Adkins") and MS Directional.  In Case No. 1:20-cv-117, Rory V. Hotomanie ("Hotomanie") brought suit against Adkins and MS Directional.  Both actions arise from a car accident that occurred on or about February 16, 2019 between Brophy and Adkins, who was an employee of Defendant MS Directional at the time.  Hotomanie was a passenger in the vehicle driven by Brophy.  Both cases involve claims for negligence, negligence *per se* against Adkins, and vicarious liability against MS Directional.  As a result, resolution of both cases involves the same issues of fact and law.  Therefore, the Court finds consolidation will save time and effort and will not result in inconvenience, delay, or expense to any party.  Further, Plaintiff's do not oppose consolidation, and it is not readily

apparent that any party would suffer unfair prejudice were the Court to consolidate the actions. Thus, the Court deems consolidation of Case No. 1:20-cv-116 and Case No. 1:20-cv-117 appropriate.

Accordingly, **IT IS ORDERED** that Defendant MS Directional's Unopposed Motion to Consolidate is **GRANTED**. Case No. 1:20-cv-116 is hereby consolidated with Case No. 1:20-cv-117 for all purposes. Case No. 1:20-cv-116 shall be the lead case and all pleadings shall be docketed to this case until further notice of the Court. The Clerk shall file a copy of this Order in Case No. 1:20-cv-117.

**IT IS ORDERED**.

DATED this 25th day of September, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge